## COUNTER CLAIMS & RECOUPMENT

Based on the above facts and the Securitization of the Receivables/Real Estate Installment Contract; U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST does not have enforceability rights as an owner, holder in due course under FS 673-3011, FS 673-3021, FS 673-3031, FS 673-3051, FS 673-3091 and FS 673-4181 nor does U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST have possession or control of the Receivables or the Real Estate Installment Contract or a Perfected Security Interest under FS 679-3101 thru FS 679-3161, therefore U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST's does not have the authority to make a presentment without dishonor on behalf of the Real Parties In Interest under Florida Code of Civil Procedure §12.210 and FS 673-5011(2)(3)

> FS 673-5011.
>
> (a) **"Presentment"** means a demand made by or on behalf of a person entitled to enforce an instrument (1) to pay the instrument made to the drawee or a party obliged to pay the instrument or, in the case of a note or accepted draft payable at a bank, to the bank, or (b) to accept a draft made to the drawee. (b) The following rules are subject to Article 4, agreement of the parties, and clearing-house rules and the like:
> (2) Upon demand of the person to whom presentment is made, the person making presentment must (i) exhibit the instrument, (ii) give reasonable identification and, if presentment is made on behalf of another person, reasonable evidence of authority to do so, and (iii) sign a receipt on the instrument for any payment made or surrender the instrument if full payment is made. (3) Without dishonoring the instrument, the party to whom presentment is made may (i) return the instrument for lack of a necessary indorsement, or (ii) refuse payment or acceptance for failure of the presentment to comply with the terms of the instrument, an agreement of the parties, or other applicable law or rule.

The **TRANSFER AND SERVICING AGREEMENT** evidence or establishes all four elements of an Investment Contract, this is evidenced by the facts that the promissory note and security agreement contain all the elements, terms and substances of an investment contract and demand deposit agreement in the form of a commercial transaction as outlined in REVES v. ERNST & YOUNG, 494 U.S. 56 (1990) & Perrysburg Tsp. V. Rossford, 103 Ohio St. 3d 79 2004- Ohio - 4362 following Reves case cited below and "form was disregarded for substance and emphasis was placed on economic reality. An investment contract thus came to mean a contract or scheme for the placing of capital or laying out of money in a way intended to secure income or profit from its employment." State v. Gopher Tire & Rubber Co., 146 Minn. 52,

*"Special Deposit Trust Res"*

WARNING: Intentional misstatements or omissions of fact constitute Federal criminal violations. See 18 U.S.C. 1001 and 15 U.S.C. 78ff(a).12.

Page 15 of 22

177 N.W. 937, 938, "this definition was uniformly adopted by state courts to a variety of situations where individuals were led to invest money in a common enterprise with the expectation that they would earn a profit solely through the efforts of the promoter or of some one other then themselves. "SECURITIES and EXCHANGE COMMISSIONS v. W.J. HOWEY CO., 328 U.S. 293 (1946) and not a loan or Real Estate Installment Contract, I am therefore denying the authenticity of the signature under FS 673-3081 and Florida Evidence Code 90.901, 90.902. U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST must produce the original Real Estate Installment Contract, with an original signature.

### FS 673-3081(1).

1. In an action with respect to an instrument, the authenticity of, and authority to make, each signature on the instrument is admitted unless specifically denied in the pleadings. If the validity of a signature is denied in the pleadings, the burden of establishing validity is on the person claiming validity, but the signature is presumed to be authentic and authorized unless the action is to enforce the liability of the purported signer and the signer is dead or incompetent at the time of trial of the issue of validity of the signature. If an action to enforce the instrument is brought against a person as the undisclosed principal of a person who signed the instrument as a party to the instrument, the plaintiff has the burden of establishing that the defendant is liable on the instrument as a represented person under

### FS §673-4021.

2. If the validity of signatures is admitted or proved and there is compliance with subsection (a), a plaintiff producing the instrument is entitled to payment if the plaintiff proves entitlement to enforce the instrument under **FS §673-3011** unless the defendant proves a defense or claim in recoupment. If a defense or claim in recoupment is proved, the right to payment of the plaintiff is subject to the defense or claim, except to the extent the plaintiff proves that the plaintiff has rights of a holder in due course which are not subject to the defense or claim.

The **TRANSFER AND SERVICING AGREEMENT** evidence or establishes that U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST **is trying to enforce the following contracts or agreements: Purchase Agreement, Sale and Servicing Agreement, Trust and Indenture Agreements, <u>which have not been memorialized or subscribed by me under FS §696.01</u>** Contracts for sale of realty must be acknowledged in order to be recorded.

I am sure that you are aware that credit is not sufficient consideration to support a contract under **FS §672-3061(2) and 673-3051(c)(3).**

### FS 672-3061(2)
(2) A lawful agreement by either the seller or the buyer for exclusive dealing in the kind of goods concerned imposes unless otherwise agreed an obligation by the seller to use best efforts to supply the goods and by the buyer to use best efforts to promote their sale.

### FS 673-3051(c)(3)
(c) a claim in recoupment of the obligor against the original payee of the instrument if the claim arose from the transaction that gave rise to the

WARNING: Intentional misstatements or omissions of fact constitute Federal criminal violations. See 18 U.S.C. 1001 and 15 U.S.C. 78ff(a).12.

Page 16 of 23

instrument; but the claim of the obligor may be asserted against a transferee of the instrument only to reduce the amount owing on the instrument at the time the action is brought.
(3) Except as stated in subsection (4), in an action to enforce the obligation of a party to pay the instrument, the obligor may not assert against the person entitled to enforce the instrument a defense, claim in recoupment, or claim to the instrument (**Section 673-3061**) of another person, but the other person's claim to the instrument may be asserted by the obligor if the other person is joined in the action and personally asserts the claim against the person entitled to enforce the instrument. **An obligor is not obliged to pay the instrument if the person seeking enforcement of the instrument does not have rights of a holder in due course and the obligor proves that the instrument is a lost or stolen instrument.**

U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST contract violates § 8 of the National Bank Act of June 3, 1864, wherein only lawful money based on personal security may be loaned, see also title 12 § 24 paragraph 7 of the U.S.C., so I am challenging the validity of any alleged debt under Article 1 § 10 of the Constitution of the united states, in its entirety under the Fair Debt Practices Collections Act of title 15 § 1992 et seq. and title 31 § 5118(d)(2) as their alleged Real Estate Installment Contract violates Public Policy.

The above evidence and documentation means U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST's documents have been materially altered by indorsement which discharges the drawers (JOSEPH AND VALERIE MITCHELL JR) and maker under **FS § 673-4071, 673-4141 and 673-4151** of the Florida Statutes as a Surety ship Defense.

**FS §673.4151   Obligation of indorser**
(1)   Subject to subsections (2), (3), and (4) and to s. 673.4191(4), if an instrument is dishonored, an indorser is obliged to pay the amount due on the instrument:
(a)   According to the terms of the instrument at the time it was indorsed; or
(b)   If the indorser indorsed an incomplete instrument, according to its terms when completed, to the extent stated in ss. 673.1151 and 673.4071.

The obligation of the indorser is owed to a person entitled to enforce the instrument or to a subsequent indorser who paid the instrument under this section.
(2)   If an indorsement states that it is made "without recourse" or otherwise disclaims liability of the indorser, the indorser is not liable under subsection (1) to pay the instrument.

I am conditionally accepting U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST's demand to surrender possession of the privately owned real estate on proof of claim that:

1. Any attempts by the Defendants to mitigate the Plaintiffs offer was done under Duress and Coercion.
2. Plaintiff and/or previous assignors can provide me with a contract for examination between the "Original Lender" and the "Real Estate Investment Trust" (REIT) as required under the **FS § 672-201 "Statute of Frauds"**.

WARNING: Intentional misstatements or omissions of fact constitute Federal criminal violations. See 18 U.S.C. 1001 and 15 U.S.C. 78ff(a).12.

RF-406-843-698-US

3. There has been **ratification of commencement** by the Real Parties in Interest under the TRANSFER AND SALE AGREEMENT and that Plaintiff and/or previous assignors have registered title/ownership of the Real Estate Installment Contract/Receivables as the Debt Obligation.

4. Plaintiff and/or previous assignors were/are the *lender in fact*.

5. Plaintiff and/or previous assignors were/are the holder in due course.

6. Plaintiff and/or previous assignors did/have not securitized the Real Estate Installment Contract/Receivables, thereby making it unenforceable.

7. Plaintiff and/or previous assignors did/are not violating public policy by demanding payment in any specific coin or currency.

8. Plaintiff and/or previous Transferees/Assignees are aware that when a payment is Tendered and then rejected that there is still Discharge for the Drawer of the instrument, **FL 673.6031(1)(2)(3)**

9. Plaintiff and/or previous assignors did not receive payment in full in the form of numerous bankers acceptances and class 2 government issued securities that were authorized for setoff through GSA SF28, OF90, OF91, as well as written authorization for use of said securities to set off, settle and close this account.

10. Plaintiff and/or previous assignors have dishonored me by not accepting payment and refusing to ledger account balance to zero, pursuant to **FS § 673-6031(1)(2)(3)**

11. Plaintiff and/or previous assignors did not monetize, alter or indorse any of the payment instruments "without recourse" that were presented by me regarding this account.

12. Plaintiff and/or previous assignors did not have possession of the note and/or lost the note.

13. Plaintiff and/or previous assignors must Provide **proof that the deed of trust and promissory note was transferred at closing into the R.E.M.I.C.** to show that the R.E.M.I.C. now owns the land and the Deed of Trust attached to it.

14. Plaintiff and/or previous assignors must provide proof pursuant to **FS §679-210(b)** "REQUES FOR ACCOUNTING; REQUEST REGARDING LIST OF COLLATERAL OR STATEMENT OF ACCOUNT."

## JURISDICTION

1. This is a lawsuit brought pursuant to 12 C.F.R. § 1024.41(f)(2) of Regulation X of the Real Estate Settlement Procedures Act and 26 U.S.C. § 2605, which sets forth default servicing and loss mitigation procedures for federally related mortgage loans and 15 U.S.C. §§ 1692, et seq., the Federal Fair Debt Collection Practices Act ("FDCPA") which prohibits debt collectors from engaging in any conduct which is false, deceptive, misleading or unfair.

2. This Court has jurisdiction over the Additional Party Defendant, as its presence is required to grant complete relief in the determination of the above-styled foreclosure lawsuit and counterclaims Defendant's Joinder of Servicer with the Plaintiff will not deprive the court of jurisdiction of the action. Rules 1.250, Florida Rules of Civil Procedure. See Rule 1.190(h), Florida Rules of Civil Procedure.

3. Defendants are individuals seeking statutory and actual damages. The Defendants' third party to this matter are the Beneficiaries of record, joseph, jr. & valerie: family of mitchell as Grantor, Settlor, Beneficiary & Donor dba JOSEPH & VALERIE E. MITCHELL JR (Defendants). See Rule 14(a)(1)(2)(5)

**WARNING:** Intentional misstatements or omissions of fact constitute Federal criminal violations. See 18 U.S.C. 1001 and 15 U.S.C. 78ff(a).12.

Page 18 of 22

RF-405-843-698-US

## PARTIES

4. Defendants are consumer borrowers with a domicile in Ocala, Marion County, Florida and is *sui juris*.

5. Plaintiff's assignee, a corporation which engages in mortgage loan default servicing, including reviewing loss mitigation applications and the collection of mortgage debt which was delinquent where Selene Finance Servicer serving at 9990 Richmond Avenue, Suite 400, Houston, Texas, 77042.

6. Plaintiff, a corporation which presumed to be engaged as a debt collector. See attached Exhibit 6, page 6 of 6 from the SEC Form T-1, serving at 300 Delaware Avenue, 8th Floor, Wilmington, Delaware 19809.

## JURISDICTION AND VENUE

7. This Court does not have jurisdiction over the Plaintiff / assignees in all matters relating to this mortgage and collection procedures because this matter is about violations of TILA, RESPA, IRC and SEC. This matter is a Tax issue and an SEC issue.

8. Venue is proper in Ocala, Florida, because this is where the cause of action arose.

## FACTUAL ALLEGATIONS RELATING TO DEFENDANT'S CLAIMS

9. Defendant's mortgage loan is serviced by Servicer. The mortgage loan in question is the subject of the above-referenced foreclosure action filed by Plaintiff against Defendants in Ocala, Marion County, Florida.

10. In or around June or July 2021, the servicer contacted the Defendants informing the Defendants that the mortgage had been transferred to Selene Finance who will be acting as the Servicer of the loan. No reference of delinquency was mentioned at that time.

11. Defendants mailed several "Conditional Acceptance" documents to the servicers dating back from around June or July 2021, requesting the validation of information. Plaintiff only respond with information that is readily accessible at the Marion County Deeds of Records and the monthly statement of payments due and owed.

12. Defendants mailed several "Conditional Acceptance" documents to the previous Lenders & Servicers dating as far back as 2018 when I first learned of the fraudulent activities disclosed in the "PROPERTY SECURITIZATION ANALYSIS REPORT", filed on 11/18/2022, Docket #: 39, under "MISC ACKNOWLEDGMENT OF REPORT" as (prima facie evidence).

13. Defendants' **under duress and coercion** sent to the Servicer in care of the Plaintiff a completed 1099A, 1099C and a Remittance Coupon, along with a 1099OID to be completed and filed CORRECTED by the Plaintiff for the assessment of the Taxes owed. NON-RESPONSE & items where not returned. So there is Discharge

WARNING: Intentional misstatements or omissions of fact constitute Federal criminal violations. See 18 U.S.C. 1001 and 15 U.S.C. 78ff(a).12.

## COUNT ON
## VIOLATION OF RESPA – LOSS MITIGATION

14. The Defendants' Counterclaim sues Additional Party of Plaintiff, Selene Finance Servicer, pursuant to 12 C.F.R. § 1024.41(f)(2) of Regulation X of the Real Estate Settlement Procedures Act and 12 U.S.C. § 2605.

15. Defendants brings this action against Servicer seeking actual and statutory damages for its violations of Regulation X of the Real Estate Settlement Procedures Act, 12 C.F.R. § 1024.41(g) and 12 U.S.C. § 2605(f). All conditions precedent to the filing of this action have been performed or have occurred as Defendant tried to resolve the issues relating to the tender of payment prior to the filing of the Plaintiff's claim. Therefore, Defendants did provide Servicer with pre-suit notice.

16. Defendants brings this action against Servicer seeking actual and statutory damages for is violations of the maxims of law under the Laws of Commerce "An un-rebutted affidavit stands as Truth". Servicer failed to answer the information requested via "Conditional Acceptance" under Notary Presentment. Therefore, the Servicer agrees to the contract by Tacit Acquiescence. An Affidavit uncontested unrebutted unanswered [United States v. Kis, 658 F.2d 526, 536 (7th Cir. 1981); Cert. Denied, 50 U.S. L. W. 2169; S. Ct. March 22, 1982 1982]. [cf] [Group v Finletter, 108 R. Supp. 327 Federal Case of Group v Finletter, 108 F. Supp. 327] "Indeed, no more than affidavits is necessary to make the prima facie case." [cf] Melorich Builders v. The SUPERIOR COURT of San Bernadino County (Serbia) 207 CAL.Rptr. 47 (Cal.App.4 Dist. 1984) "Silence can only be equated with fraud where there is a legal or moral duty to speak, or where an inquiry left unanswered would be intentionally misleading… We cannot condone this shocking behavior… This sort of deception will not be tolerated and if this is routine it should be corrected immediately."

17. Servicer is a servicer governed by 12 C.F.R. § 1024.41

18. 12 C.F.R. § 1024.41(f) states the following, in pertinent part:

> (f) Prohibition on foreclosure referral –
>
> (1) Pre-foreclosure review period.
> A servicer shall not make the first notice or filing required by applicable law for any judicial or non-judicial foreclosure process unless:
> (i) A borrower's mortgage loan obligation is more than 120 days delinquent;
> (ii) The foreclosure is based on a borrower's violation of a due-on-sale clause; or
> (iii) The servicer is joining the foreclosure action of a superior or subordinate lienholder.
>
> (2) Application received before foreclosure referral. If a borrower submits a complete loss mitigation application during the pre-foreclosure review period set forth in paragraph (f)(1) of this section or before a servicer has made the first notice or filing required by applicable law for any judicial or non-judicial foreclosure process, a servicer shall not make the first notice or filing required by applicable law for any judicial or non-judicial foreclosure process unless:
> (i) The servicer has sent the borrower a notice pursuant to paragraph (c)(1)(ii) of this section that the borrower is not eligible for any loss mitigation option and the appeal process in paragraph (h) of this section is not applicable, the borrower has not requested an appeal within the applicable time period for requesting an appeal, or the borrower's appeal has been denied;
> (ii) The borrower rejects all loss mitigation options offered by the servicer; or
> (iii) The borrower fails to perform under an agreement on a loss mitigation option.

WARNING: Intentional misstatements or omissions of fact constitute Federal criminal violations. See 18 U.S.C. 1001 and 15 U.S.C. 78ff(a).12.

RF-405-843-698-US

19. Once offered by Servicer, Defendant is entitled to "loss mitigation" options as a result of her execution of a "federally related mortgage" as those terms are defined in 12 C.F.R. § 1024.31 and 12 U.S.C.A. § 2602(1). 23. Specifically, 12 C.F.R. § 1024.31 states the following, in pertinent part "[l]oss mitigation option means an alternative to foreclosure offered by the owner or assignee of a mortgage loan that is made available through the servicer to the borrower."

**WHEREFORE**, Defendant requests this Court to enter a judgment against Plaintiff & Servicer as follows:

A. Award actual and statutory damages pursuant to 26 CFR § 1.856-6 and 12 U.S.C. § 2605(f) against Plaintiff and/or Servicer for its violations of the Real Estate Settlement Procedures Act;

B. Other and further relief as this Court may deem just and proper according to 26 CFR § 1.856-6(C), for Plaintiff failure to file the necessary tax forms for the Foreclosure Election.

Should Plaintiff fail or refuse to completely answer, in entirety, all points "1" through "120" above and returning this Statement, along with all supporting and associated documentation, constitutes Plaintiffs' tacit acquiescence that Plaintiff and/or Assignors/Assignees have no lawful or verifiable claim, and will constitute the Plaintiff and/or alleged Assignors/Assignees waiver of any and all alleged claims against Defendant, and agrees to forever hold harmless Claimant against any and all costs, fees, and/or charges now and forever incurred involving the above referred alleged account or any and all other alleged accounts not specifically enumerated herein. Plaintiff and/or any alleged Assignors/Assignees may be liable for any and all damages for any continued collection efforts, including any fees or obligations incurred by Defendant(s), failing the completion of this Statement.

### The premises considered the Defendants pray:

1) That Plaintiff is subpoena to answer issue against all of the said defendants requiring them to answer the affirmative defense, counterclaim, adverse claim and claim of recoupment fully and on oath.

2) That any amounts due defendants for damages be decreed to the defendants, and be settled upon a trustee, or otherwise safely invested for the defendants sole and separate use, free from liabilities and control of any trustees or interlopers and that all necessary accounts concerning the mortgage/promissory note be estopple.

3) That an injunction be issued to restrain the Plaintiff and any future assignees notwithstanding the true and proper note bearer.

4) That the defendants may have such other, further, and general relief as the nature of the case may require.

5) That defendants be not subrogated and substituted, i.e., where a surety discharges the debt or obligation of his principal.

6) That any future transfers of said land be declared fraudulent and void, that any interlopers be enjoined with all others from transferring or encumbering said land, and that an attachment be issued and be upon it to secure defendants claim.

I, joseph-mitchell: bey & valerie: mathis-mitchell affirm that the above claims are true, only accurate, based on firsthand knowledge, information, facts and conclusion of actual law. This document is witnessed by and before god on this day December ___, 2022 as such under penalties of divine retribution if otherwise so help me god

Executed on this ___ day of November two thousand twenty-two.

WARNING: Intentional misstatements or omissions of fact constitute Federal criminal violations. See 18 U.S.C. 1001 and 15 U.S.C. 78ff(a).12.

RF-405-843-698-US

Further, Affiant(s) Sayeth Naught

joseph, jr. & valerie: family of mitchell as grantor, settlor,<br>
donor, beneficiary DBA JOSEPH MITCHELL JR and VALERIE E. MITCHELL<br>
**Without Recourse, Without Prejudice & All Rights Reserved**

By: _Mitchell, J. Joseph_ © & _Mathis-Mitchell, Valerie, B_ ©
Qualified Endorsement of the Grantor, Settlor, Donor & Beneficiary Owners

## NOTARY ACKNOWLEDGMENT

STATE OF FLORIDA    )
                    ) ss.
COUNTY OF MARION    )

On the _12_ day of _December_ 2022, before me _Kayler McGill_ Notary Public personally stood **joseph, jr. & valerie: family of mitchell,** who proved to be on this basis of satisfactory evidence to be the man and woman whose names are subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her authorized and beneficial capacity, and that by his/her autograph on the instrument the Affiants, or the entity upon behalf of which the Affiants acted, executed the instrument.
**I certify under PENALTY OF PERJURY under the laws of FLORIDA that the foregoing paragraph is true and correct.**

Witnessed my hand official seal.

_Kayler McGill_
Notary Public Print, Typed or Stamp

_[signature]_  12/12/2022         Seal
Notary Public Signature   Date

KAYLER MCGILL
MY COMMISSION # HH 223624
EXPIRES: April 8, 2026

My Commission Expires: _4-8-2026_

### Certificate of Service

I HEREBY CERTIFY that a true and correct copy of the foregoing has been finished and mailed off by U.S. Post Office Mail to: JONATHAN IAN MEISELS, Esq., ROBERTSON, ANSCHUTZ, SCHNEID, CRANE & PARTNERS, PLLC, Can Guner, Esq., Melissa Konick, Esq., Attorney for Plaintiff, 6409 Congress Avenue, Suite 100, Boca Raton, Florida 34487. eService Email: flmail@raslg.com.

Done this _12_ day of _December_ 2022

/s/ joseph, jr. & Valerie: family of mitchell, Jr., L.S.
c/o 3101 SW 34th Avenue,
Suite 905-432
Ocala, Florida 34474
Primary Email: speakmysis@yahoo.com
Secondary Email: bey.j51@yahoo.com

WARNING: Intentional misstatements or omissions of fact constitute Federal criminal violations. See 18 U.S.C. 1001 and 15 U.S.C. 78ff(a).12.

Page 22 of 23

RF-405-843-698-US

"PAGE LEFT BLANK INTENTIONALLY"

UNOFFICIAL DOCUMENT

WARNING: Intentional misstatements or omissions of fact constitute Federal criminal violations. See 18 U.S.C. 1001 and 15 U.S.C. 78ff(a).12.